Russell A. Robinson, 163937
Law Office of Russell A. Robinson
345 Grove Street, 1st Floor
San Francisco CA 94102
TEL:   415.255.0462
FAX:   415.431.4526
rlaw345@gmail.com

Counsel for Plaintiff
**BRUCE C. KYLES**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRUCE C. KYLES,

        Plaintiff,

v.

CITY OF PITTSBURG, et al.,

        Defendants.
_____/

CASE NO.   C-13-4695-WHO

**PLAINTIFF'S TRIAL BRIEF**
**[Jury Trial Demanded]**

Trial:   January 26, 2015
Courtroom 12, 19th Floor
Honorable William H. Orrick IV

**PRELIMINARY STATEMENT**

On November 30, 2011, Plaintiff Bruce C. Kyles was detained and later brutally attacked by a police canine named "Xena."  Kyles filed suit against several members of the Pittsburg (California) Police Department (PPD), Officers Simental, Saechao, and Palma, and Sgt. Semas. Kyles also named the City of Pittsburg, and now retired Chief Aaron Baker.

Defendants used excessive force against Plaintiff on November 30, 2011.

The defense of qualified immunity and, in some measure, the claim for excessive force revolve around what the defendant-officers knew and experienced at the time of the events in question.  This is true whether or not the officers knew, or could not have known, that their conduct was unconstitutional.  The denial of qualified immunity does "not require a case directly on point." *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011). Rather, it requires that "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*

/ / /

**BRIEF**

Plaintiff's operative complaint includes several, remaining causes of action against the following defendants:

First cause of action – excessive force under 42 USC §1983, against Defendants Simental, Saechao, and Palma. These include the attack from behind by Simental, the five contact taser stuns, the deployment of Xena, the flashlight strikes, and the blow to the rear of Kyles' head (while he was on the ground).

Third cause of action – negligence.

Fourth cause of action – assault and battery.

Relief sought includes compensatory damages, punitive damages as to the individual defendants, and all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Civil Code §§ 51, 51.7, 52[1], et alia, Cal. Civ. Code §§ 3284, et seq., and as otherwise allowed by California and/or federal law.

**DISCUSSION**

At its essence, this is a civil rights case arising from the excessive force directed against Plaintiff Bruce C. Kyles on November 30, 2011, by the three officers at various stages of an interaction which began, according to Kyles, with Officer Juan Simental pointing a gun at Kyles and demanding compliance at a time when all agree Kyles was not a suspect in a crime.

Even so, Kyles had surrendered to Simental and was walking toward Simental's patrol car when Simental attacked Kyles, thereby escalating the situation. As the situation unfolded – or deteriorated – Kyles was assaulted with a leg sweep; Tasered no less than five (5) times by Simental as Saechao (second on scene) held Kyles down; mauled for at least thirty (30) seconds by the PPD dog "Xena" as directed by Officer Palma; and, struck with a heavy flashlight.

Several surgeries followed. There is a factual dispute as to whether a 2012 infection at Plaintiff's previously repaired right hip was caused by the mauling of November 30, 2011.

Defendants contend that Plaintiff aggressively resisted arrest and that he struck Officers

---

[1] Plaintiff's Government Code section 900 claim included claims under Civil Code sections 51.7, *et alia*.

Simental and Saechao in the course of these interactions. Thus, Defendants argued that all of the force used was reasonable and necessary.

Defendants also will argue other positions, including that all of Plaintiff's claims are barred under *Heck v. Humphrey*, and the doctrine of qualified immunity.

All involved agree that Plaintiff had numerous interactions with members of the PPD over several decades before 2011 (mostly drug-related), since 2011 Plaintiff has avoided negative interactions with police. The defense likely will argue that this fact, which was not mentioned in any the contemporaneous reports (". . . whom I later learned to be Bruce Kyles. . . ."), may be used to form the basis – at least in part – of a qualified immunity defense at trial.

The evidence to be introduced at trial will show that Kyles had submitted to the two officers and the repeated use of contact Taser applications; Palma (with Simental and Saechao) ignored established law and the PPD's own policy which mandated Kyles be warned before the dog was deployed. According to Officer Simental, he has been present when Xena was deployed approximately 50 times and cannot recall ever hearing Officer Palma (Xena's handler) give a pre-deployment warning. [Simental Dep. 67:17-69:5]

Medical bills arising from the initial injuries suffered November 30, 2011, exceed $100,000. With the related, later-occurring hip infection and replacement, these bills exceed $620,000. Plaintiff expects the defense to contest the causation as to the hip infection and replacement; and, the defense to contest the amount of special damages which actually may be awarded to Plaintiff under *Howell*.

Dated: November 20, 2014          /s/ Russell A. Robinson
                          By:   Russell A. Robinson
                          Law Office of Russell A. Robinson
                          Counsel for Plaintiff
                          **BRUCE C. KYLES**